# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-430
Filed: October 10, 2014

RECEIVED
OCT 1 0 2014
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| GARY A. PLAISANCE, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| * | |
| v. * | Dismissal decision; Order to Show |
| * | Cause; Failure to Prosecute; |
| SECRETARY OF HEALTH * | Insufficient Proof. |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Gary A. Plaisance, *Pro Se* Petitioner, Marrero, LA.
Lindsay Corliss, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 29, 2012, Gary A. Plaisance ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that he suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), and that this injury had been caused by the Diphtheria, Tetanus Toxoids, and Pertussis ("DTP") vaccine and the Hepatitis A and B vaccines received on June 22, 2010 and a second dose of Hepatitis A and B vaccines received on July 26, 2010. Petition ("Pet") at 1. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

I. **Procedural History**

The petition was filed on June 29, 2012, and initially assigned to Special Master Lord. On September 4, 2012, the case was reassigned to Chief Special Master Campbell-Smith. Petitioner's counsel filed a Statement of Completion on November 2, 2012. On March 4, 2013, the case was transferred to the undersigned Special Master.

A status conference was held on March 26, 2013, to discuss the progression of the case. During this status conference, the parties agreed that additional medical documentation was necessary, including proof of vaccination and pre-vaccination records. Scheduling Order, dated Mar. 26, 2013. Another status conference was held on September 10, 2013, again discussing the importance of filing the missing medical records; the undersigned again ordered Petitioner to gather the records necessary to facilitate the progression of the case. Scheduling Order, dated Sept. 10, 2013.

Following the withdrawal of Petitioner's attorney in November 2013, Petitioner chose to proceed without counsel. Order, dated Nov. 26, 2013. Despite instructions on how to file documents within the court and specific orders requiring Petitioner to produce the necessary medical records, Petitioner's medical record collection was not completed until April 3, 2014. Status Report, dated Apr. 3, 2014. Since April 3, 2014, Petitioner has not filed any additional evidence; Petitioner never filed an expert report.

On June 24, 2014, the undersigned held a status conference and issued an Order to Show Cause, explaining that "Petitioner's case could not proceed without more supporting evidence . . ." and required Petitioner to file additional medical records or information supporting his claim. Order, dated June 25, 2014. Furthermore, the Order stated "[f]ailure to file the requested information within 70 days, by no later than Tuesday, September 2, 2014, will be interpreted as either a failure to prosecute this claim or as an inability to provide supporting documents for this claim. In either event, the petition shall be dismissed." Order, dated June 25, 2014. No communication was received from Petitioner by the September 2, 2014 deadline. To date, no additional filings or communications have been made by Petitioner in this case.

II. **Analysis**

(1) **Failure to Prosecute**

When a petitioner fails to comply with Court orders to prosecute his case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996);

2

Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990)(affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987)(affirming dismissal of cases for failure of party to respond to discovery requests). Petitioner's failure to file any response to the Order to Show Cause evidences his disinterest in pursuing his claim. Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

### (2) Causation In Fact

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that he suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof and for failure to prosecute. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master